UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEAN H. BENNETT,

              Plaintiff,

                                      Case No. 5:04-CV-60

v.

                                        Hon. Richard Alan Enslen

KALAMAZOO COUNTY
MENTAL HEALTH, *et al.*,

              Defendants.

                                        __**OPINION**__

_____/

      This matter is before the Court on Defendants Borgess Medical Center and Mukesh Sanghadia, M.D.'s Motion for Summary Judgment and Dismissal. Also before the Court is Defendant Jaime Ayala, M.D.'s Motion for Summary Judgment and Dismissal. Plaintiff Sean H. Bennett, proceeding *pro se*, has filed extensive responses in opposition to the Motions. Oral argument is unnecessary in light of the briefing. *See* W.D. Mich. L. Civ. R. 10.2(d).

__**BACKGROUND**__

      This lawsuit concerns Plaintiff's mental hospitalization at a private hospital pursuant to a certification of a psychiatrist. Plaintiff was released from the hospitalization, which he challenged, after a jury of the Kalamazoo County Probate Court determined that he did not meet the requirements for involuntary hospitalization. Plaintiff has brought this suit pursuant to 42 U.S.C. §§ 1983, 1985(2) & 1985(3), and section 202 of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12132, as well as under state statutes and state tort law.

      Plaintiff was initially jailed on misdemeanor charges of stalking and breaking and entering the residence of a female acquaintance. (Compl., Dkt. No. 1, ¶ 4.) At the jail, Plaintiff was seen by

jail clinician Robert Butkiewicz, a licensed professional counselor, who prepared a Petition/Application for Hospitalization of Plaintiff due to suspected mental health issues which posed a potential of near physical injury to himself or others together with the supporting circumstance of the suspected criminal conduct.  (*See* Butkiewicz Aff. ¶¶ 6-7 & Ex. C.).  This Petition had the effect of initiating the involuntary civil commitment process.  *See id.*; Mich. Comp. Laws §§ 330.1427 & 330.1429.  Plaintiff sued Butkiewicz and other city and county officials as part of this suit, but all such claims have previously been dismissed with the exception of the claims against the present Defendants.

Given the Petition, Plaintiff was taken to Borgess Medical Center, a private hospital with a ward that provides services for those involuntary committed.  He was seen there on March 22, 2002 by Ddefendant Jaime Ayala, M.D., a licensed psychiatrist, within the time period prescribed by state law.  (Ayala Aff. ¶¶ 4-5.)  The same day, based on the evaluation, Dr. Ayala completed a medical certification which certified that Plaintiff was a "person requiring treatment." (*Id.*; Dkt. No. 141, Ex. 2.) Similarly, Defendant Mukesh Sanghadia, M.D., also a licensed psychiatrist and medical director, examined Plaintiff on March 22, 2002 within the time period prescribed by state law.   (Sanghadia Aff. ¶¶ 1-4.)  Sanghadia also completed a certification that Plaintiff was a "person requiring treatment." (*Id.* & Ex. A.)  The effect of this certifications was to authorize Plaintiff's continued involuntary hospitalization pursuant to section 429 of the Mental Health Code.  *See* Mich. Comp. Laws §  330.1429; *see also* Mich. Comp. Laws § 330.1401.

Plaintiff has had a 20-year history of multiple psychiatric hospitalizations.  (Sanghadia Aff. ¶ 11 & Ex. B at 37.)  The medical records also indicate that Plaintiff exhibited paranoia throughout the hospitalization and regularly refused medication and education.  (Sanghadia Aff. ¶ 11 & Ex. B

at 12-14.)  Plaintiff lived with his parents and apparently decompensated while they were over-wintering in Florida.  (Sanghadia Aff. ¶ 11 & Ex. B at 36-37.)  Plaintiff's parents, during the course of the hospitalization, wrote the Probate Court to urge his continued involuntary treatment to prevent harm to others.  (Sanghadia Aff. ¶ 11 & Ex. B at 38.)

Plaintiff exercised his right to counsel and a jury trial as provided in sections 454 and 458 of the Mental Health Code.  *See* Mich. Comp. Laws §§ 330.1454 & 330.1458.  The jury determined that clear and convincing evidence did not show Plaintiff to be a "person requiring treatment." (*See* Compl. ¶ 8.)  This finding resulted in Plaintiff's release.  (*Id.*)

Plaintiff's opposition Affidavits generate much more heat than light.  He asserts a number of conclusory statements about his treatment and hospitalization, which are not helpful to addressing his claims.  He also makes conclusory statements about Defendants and their "conspiracy"–which are not helpful in either establishing a factual basis for his legal claims, or in understanding his claims.  He does say in his Affidavits that "Prolixin injections were planned had I been committed." (Pl.'s Aff. Re Sanghadia ¶ 4; Pl.'s Aff. Re Ayala ¶ 7.)  This apparently means that the drug was never given because of the jury finding.  Plaintiff also says he voluntarily took a psychiatric drug (Remeron) "in hopes of being released . . . ."  (Pl.'s Aff. Re Ayala ¶ 8.)  The non-conclusory factual statements made in Plaintiff's Affidavits are generally consistent with the medical record evidence, which shows psychiatric illness warranting some level of medical intervention.

### STANDARDS FOR SUMMARY JUDGMENT

Defendants' Motions are brought pursuant to Federal Rule of Civil Procedure 56.  Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine

3

issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate.  *Celotex Corp.*, 477 U.S. at 323.

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions.  *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994).  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor.  *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).  The factual record presented must be interpreted in a light most favorable to the non-movant.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule to: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting Federal Rule of Civil Procedure 56(c)).  Moreover, affidavits must meet certain requirements:

> [A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed. R. Civ. P. 56(e).

In accordance with Rule 56(e), the Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*, unsworn statements, *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991), hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994), assertions of legal conclusions, *F.R.C. Int'l, Inc. v. United States,* 278 F.3d 641, 643 (6th Cir. 2002), *A.L. Pickens Co., Inc. v. Youngstown Sheet & Tube Co.,* 650 F.2d 118, 121 (6th Cir. 1981), or statements not based upon personal knowledge, *Briggs v. Potter*, 463 F.3d 507, 512 (6th Cir. 2006); *Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 667 (6th Cir. 2005) (citing *Beyah v. Coughlin,* 789 F.2d 986, 989 (2d Cir. 1986)).

## LEGAL ANALYSIS

### 1.  Claims under 42 U.S.C. § 1983

Plaintiff has alleged throughout his several versions of his Complaint that Defendants violated his constitutional rights throughout his commitment and so violated 42 U.S.C. § 1983. To succeed on any such claim, Plaintiff must show that Defendants acted under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995). In the *Ellison* case, the Sixth Circuit dismissed a section 1983 suit virtually identical to this one (involving section 1983 claims against a certifying physician and private hospital arising from a Tennessee involuntary commitment proceeding) due to lack of state action. *Ellison*, 48 F.3d

5

at 196-97.  As in *Ellison*, the facts of the present case warrant dismissal of the section 1983 claims against the physicians and private hospital due to the absence of state action.

Plaintiff has argued that Defendants conspired with state actors.  Notwithstanding the argument, this is no evidence, aside from Plaintiff's unsupported legal conclusions, favoring a conspiracy allegation.  Therefore, the Court determines that the summary judgment record, properly construed, is insufficient to support this allegation.  Therefore, Defendants are entitled to summary judgment as to Plaintiff's allegations under 42 U.S.C. § 1983 given the absence of state action.

## 2.  Claims under 42 U.S.C. § 1985(2) & (3)

Title 42 United States Code section 1985(2) prohibits conspiracies of two or more persons to intimidate witnesses in judicial proceedings or otherwise obstruct justice in those proceedings. Plaintiff's claim under section 1985(2) is not supported by the record.  Plaintiff was not prevented from receiving all due process under the Mental Health Code in the Probate Court.  There is no admissible evidence on this record that Defendants engaged in an illegal conspiracy to prevent Plaintiff from testifying or otherwise obstructed justice in the state courts, as required by the statute. *See Kush v. Rutledge*, 460 U.S. 719, 725-27 (1983) (explaining scope of prohibition).  As such, Plaintiff cannot prevail on such claim as a matter of law.

Title 42 United States Code section 1985(3) prohibits conspiracies of two or more persons to deny persons the equal protection of the laws.  There is no admissible proof on this record that Defendants engaged in a conspiracy to deprive Plaintiff of the equal protection of the laws in violation of section 1985(3).  This kind of claim is even harder to prove than a section 1985(2) claim since it depends on proof that the conspiracy is related to class-based intentional discrimination.  *See*

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)).

As such, Defendants are entitled to summary judgment as to all of Plaintiff's section 1985 claims.

### 3. Claims under the ADA

Section 202 of Title II of the ADA prohibits discrimination in the provision of public benefits and services to persons who are "disabled" as defined by the ADA. This provision is parallel to a similar non-discrimination provision of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), which prevents the exclusion of persons from federal programs due to disability.[1]

Plaintiff has not either alleged or shown that he was discriminated in any manner due to disability. The record shows, at best, that the treating physicians were in error in regarding him as a "person requiring treatment" under state law. This is insufficient, as a matter of law, to support a Title II claim. Therefore, summary judgment in favor of Defendants is warranted on such claim.

### 4. Further Amendments

Plaintiff has stated in his response papers that he wishes to make even further amendments to his Complaint. This is ironic in that Plaintiff has already submitted some six versions of his Complaint (not counting other versions which were prohibited by Orders of the Court). (*See* Dkt. No. 1, 9, 17, 22, 65 & 84.) With all due respect, the processes of discovery, motion practice and trial are not workable when litigants are subjected to a conveyor belt of constantly changed pleadings. Federal Rule of Civil Procedure 15(a) permits denial of further amendments due to delay and

---

[1]To the extent that Plaintiff maintains he has asserted such a claim, that claim should also be dismissed since the proofs do not support a viable Rehabilitation Act claim.

7

prejudice.  Under the circumstances, further amendment should be denied.  *See Dubuc v. Green Oak Twp.*, 312 F.3d 736, 743 (6th Cir. 2002).

**5.  State Law Claims**

Given the grants of summary judgment and dismissal of all federal claims, what remains to this suit are Plaintiff's state law claims against Defendants.

Title 28 U.S.C. § 1367(c)(3) authorizes the dismissal of supplemental state law claims, upon dismissal of federal law claims.  This provision of law is intended to preserve comity between the state and federal courts, which is a traditional aspect of our federal system.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).  Upon due consideration of the interests of the state courts in resolving state law controversies, the Court determines in its discretion that it should decline to exercise jurisdiction over the remaining state law claims.  As such, those claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons argued in the Motions and explained in this Opinion, Defendants' Motions will be granted as to all federal claims and those claims dismissed with prejudice.  As to all state law claims, the Court will dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

                                          /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:                RICHARD ALAN ENSLEN
        November 14, 2006                 SENIOR UNITED STATES DISTRICT JUDGE